UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| JOAN M. BROWERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-162 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| ) | |

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income (SSI) benefits. The mater is now before me on defendant's motion to dismiss plaintiff's complaint on statute of limitations grounds. (docket # 6). Plaintiff has filed a brief in response (docket # 8), and defendant's motion is ready for decision. Upon review, I recommend that defendant's motion be granted, and that plaintiff's complaint be dismissed with prejudice.

**Procedural History**

Plaintiff proceeded *pro se* throughout the administrative process. She filed her application for SSI benefits on October 9, 2003, claiming an onset of disability of November 1999. On March 15, 2004, plaintiff's claim was denied on initial review. Plaintiff had 60 days within which to file a written request for a hearing before an administrative law judge (ALJ). On April 6,

2004, plaintiff filed a timely request for a hearing. On November 17, 2005, the ALJ conducted an administrative hearing on plaintiff's claim. On April 20, 2006, the ALJ issued her decision denying plaintiff's application for SSI benefits. Plaintiff was advised that she had 60 days from her receipt of the ALJ's decision within which to file a written request for review by the Appeals Council. Plaintiff filed a timely request for review by the Appeals Council. On September 18, 2006, the Appeals Council denied review, and the ALJ's decision became the Commissioner's final decision.

On September 18, 2006, the Appeals Council sent plaintiff notice of its action by mail. The notice advised plaintiff that she had 60 days from her receipt of the notice within which to commence a civil action. The notice advised plaintiff that she was presumed to have received the notice within 5 days. The notice informed plaintiff that if she was unable to file for court review within 60 days, she could file a written request to the Appeals Council requesting an extension of time, and that her request must necessarily contain an explanation of her good reason for needing the extension. The affidavit plaintiff submitted in response to defendant's motion states that "On or about September 18, 2006, [plaintiff] received the Appeals Council notice denying [her] request for review." (Browers Aff. ¶ 5, docket # 8, Ex. C). The affidavit alludes to plaintiff's difficulty finding an attorney to represent her, but it does not state when plaintiff actually began looking for an attorney, and it does not describe the specific steps taken by plaintiff on any particular date. It simply states that by the time plaintiff found an attorney that would agree to represent her, the time for filing a complaint had passed. (Browers Aff. ¶¶ 6, 7).

Plaintiff's attorney represents to the court that the complaint, application to proceed *in forma pauperis*, and other papers were deposited in the mail on January 31, 2007. (docket # 8,

¶ 8). Counsel is "without explanation" as to why plaintiff's the complaint and application to proceed *in forma pauperis* were not received by the Clerk's office until February 20, 2007. (*Id.*, ¶ 9).

## Discussion

The 60-day limit for seeking judicial review of the Commissioner's final administrative decision "is 'not jurisdictional, but a period of limitations.'" *Cook v. Commissioner*, 480 F.3d 432, 435 (6th Cir. 2007)(quoting *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994)). Defendant has asserted the 60-day statute of limitations defense, and requests dismissal of plaintiff's complaint because it is time-barred. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Bowen v. New York*, 476 U.S. 467, 478 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Cook v. Commissioner*, 480 F.3d at 435. Plaintiff argues that defendant's motion should be denied because, under 20 C.F.R. § 416.1411, plaintiff has established "good cause" for her late filing. (Plf. Response, ¶¶ 15, 19, docket # 8). Plaintiff's reliance on this regulation is misplaced because it relates to untimely requests for administrative review by the Appeals Council or an ALJ, not judicial review. *See* 20 C.F.R. §§ 416.1433(c), 416.1468(b). The only way section 416.1411 could potentially impact the court's determination as to whether plaintiff's complaint is barred by the statute of limitations is if the Appeals Council had granted plaintiff an extension of time to file this lawsuit. Section 416.1482 states, in pertinent part, as follows:

> Any party to the Appeals Council's decision or denial of review . . . may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council . . . . If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in 416.1411.

20 C.F.R. § 416.1482. The Appeals Council's notice expressly advised plaintiff of the procedure for requesting an extension of time for filing a lawsuit. Plaintiff has presented no evidence that plaintiff or her attorney made a written request to the Appeals Council for an extension pursuant to section 416.1482, much less that plaintiff successfully obtained an extension.[1]

The Appeals Council's notice is dated September 18, 2006. There is a rebuttable presumption that plaintiff received the notice "5 days after the date of the notice." 20 C.F.R. § 422.210(c). Thus, September 23, 2006 is the presumptive date of receipt. *See Cook*, 480 F.3d at 435. Plaintiff's affidavit states that she received the notice on or about September 18, 2006. This affidavit does nothing to rebut the presumption in a manner favorable to plaintiff's claim. If anything, it suggests that plaintiff received the Appeals Council's notice before September 23, 2006. On November 22, 2006, absent tolling, the limitations period for filing a timely complaint in federal court expired. Plaintiff did not file her complaint until February 20, 2007.[2]

"The Supreme Court has observed that equitable tolling is typically applied 'only sparingly.'" *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007)(quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "Equitable tolling is a rare remedy to be applied in unusual

---

[1] The Appeals Council's discretionary decision whether to grant an extension pursuant to 20 C.F.R. § 416.1482 is not subject to judicial review. *See Harveston v. Commissioner*, No. 99-5832, 2000 WL 554087, at * 2 (6th Cir. Apr. 28, 2000); *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cri. 1995); *McCall v. Bowen*, 832 F.2d 862, 863 (5th Cir. 1987).

[2] The complaint was not "filed" until the order granting plaintiff leave to proceed *in forma pauperis* was entered on February 22, 2007. Through the fiction of "constructive filing" a complaint may be "deemed filed" on the date submitted, if, as here, the application to proceed *in forma pauperis* is granted. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *cf Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004). Even with the benefit of a deemed filing date of February 20, 2007, plaintiff's complaint was filed 3 months after the 60-day limitations period had expired. There is no "mailbox rule" applicable to the complaint. If a mailbox rule had applied, plaintiff's complaint would still have been more than 2 months late.

circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 127 S. Ct. 1091, 1100 (2007). Defendant's brief alerted plaintiff to the significant hurdle she faced in proving her entitlement to equitable tolling. (Def. Brief at 4, citing *Irwin* and other cases). Inexplicably, plaintiff elected to ignore the issue. Equitable tolling is not mentioned anywhere in plaintiff's brief. Nonetheless, what little plaintiff has presented in response to defendants motion will be examined to determine whether it entitles her to the "rare" remedy of equitable tolling.

        The Supreme Court recently held that the party claiming equitable tolling must show (1) that she has been pursuing her rights diligently; and (2) that some extraordinary circumstance stood in her way that prevented timely filing. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has generally endorsed a 5-factor analysis in this context: (1) the plaintiff's lack of actual notice of the filing requirement; (2) the plaintiff's lack of constructive notice of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) the absence of prejudice to defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing her claim. *Cook*, 480 F.3d at 437. Plaintiff has not shown that any of the relevant factors identified by the Supreme Court or the Sixth Circuit weigh in favor of equitable tolling. The sworn statement prepared by plaintiff's attorney and signed by plaintiff on May 11, 2007 states as follows:

> 8. I initially assumed that I could appeal the Appeals Council notice by merely going down to my local social security office and filling out paperwork like I did when I asked the Appeals Council to review the Unfavorable Decision.
>
> 9. I did not and still do not, fully understand the procedural steps I must take to get approved for social security disability benefits.
>
> 10. I suffer from seizure disorder and depression that makes it difficult for me to complete tasks. I also experience difficulty with my concentration and attention.

This statement is patently insufficient to warrant equitable tolling. Plaintiff had no difficulty making a timely request for a hearing before the ALJ, and later requesting review of the ALJ's decision by the Appeals Council. Plaintiff's attorney's argument that plaintiff's mental impairment "may have, in part, prevented her from adequately understanding the need to seek representation immediately following receipt of the Appeals Council notice denying review" (docket # 8, ¶ 16) is unpersuasive. There is no evidence that plaintiff was mentally incapacitated or that she was laboring under any sort of misconception that her 60 days for seeking judicial review was somehow a different measure of time than it had been for requesting an administrative hearing or Appeals Council review. Plaintiff has not shown that she lacked the minimal capacity necessary to file a *pro se* complaint seeking judicial review of the Commissioner's final administrative decision. The Appeals Council's notice clearly advised plaintiff that she had 60 days within which to file a civil action. *See Cook*, 480 F.3d at 437. The notice specified the procedure for requesting an extension of time from the Appeals Council. *See Cook*, 480 F.3d at 437. Although plaintiff states that she "initially assumed" that she could fill out any paperwork necessary to initiate a civil action at her local social security office, her statement is devoid of facts indicating that she was diligent in her effort to file a civil action. There is no evidence that plaintiff ever made a request for an extension of time from the Appeals Council. 480 F.3d at 437. The Sixth Circuit's *Cook* decision is instructive on how to evaluate the "prejudice to the defendant" factor:

> Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.
>
> We therefore conclude that Cook's equitable tolling claim is without merit in light of the five factors set out in *Dunlap [v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)]. In the end,

this case is a classic reminder of the risks applicants take for no apparent reason by waiting until the very end of the filing period to initiate their lawsuits.

480 F. 3d at 437.  Here, the prejudice to the Commissioner is far greater than the prejudice at issue in *Cook.*  Plaintiff delayed months before filing her lawsuit.  In summary, I find no basis for equitable tolling.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendant's motion be granted, and that plaintiff's complaint be dismissed with prejudice because it is barred by the statute of limitations.


Dated:  May 24, 2007             /s/  Joseph G. Scoville
                                 United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIvR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 595-96 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).